UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OLIVER A. LEE,

        Plaintiff,

v.                                                Case No. 25-cv-181-pp

MILWAUKEE PARKS AND RECREATION,

        Defendant.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3) AND DISMISSING CASE AS DUPLICATIVE**

      This is the third of three cases the plaintiff filed in this district in the one-month period between January 2025 and February 2025. See Lee v. HUD Housing Attorney, *et al.*, Case No. 25-cv-29 (E.D. Wis.); Lee v. Milwaukee Public School System also Milwaukee, Park and Recreation, Case No. 25-cv-106 (E.D. Wis.); Lee v. Milwaukee Parks and Recreation, Case No. 25-cv-181 (E.D. Wis.) (the instant case). In the first two cases, the court screened the complaints and found that neither sufficiently stated a claim; the court gave the plaintiff the opportunity to amend those complaints and he has done so. The court will screen the amended complaints in separate orders.

      In this case, the plaintiff sues Milwaukee Parks and Recreation, alleging misuse of government funds, misappropriation and discriminatory acts. Although the plaintiff has demonstrated that he doesn't have enough money to prepay the filing fee, the court will not allow him to proceed with the claims in this case, because they are similar to the claims he raised in Case No. 25-cv-106.

1

### I. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 3)

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow a plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess"). As the Seventh Circuit Court of Appeals has explained, "[p]roceeding [without prepaying the filing fee] is a privilege, and courts depend on the plaintiff's honesty in assessing [his] ability to pay." Lofton v. SP Plus Corp., 578 F. App'x 603, 604 (7th Cir. 2014).

The plaintiff's affidavit avers that he is not employed, not married and has no dependents he is responsible for supporting. Dkt. No. 3 at 1. He avers that he has no wages or salary but that he receives $1,500 per month from Social Security Disability Insurance. Id. at 2. The plaintiff lists a monthly expense of $1,000 for rent and no other expenses. Id. at 2-3. He states that his total monthly expenses are $1,000. Id. at 3. The plaintiff says that he does not own a car, a home, a financial or retirement account or any other property of value. Id. at 3-4.

Based on the information in the plaintiff's affidavit, the court concludes that the plaintiff does not have the ability to prepay the filing fee. Because the court is dismissing this case as duplicative, the court will deny as moot the plaintiff's motion to proceed without prepaying the filing fee.

**II. Screening the Complaint**

　　A.　Legal Standard

The court must next decide whether the plaintiff has raised claims that are legally "frivolous or malicious" that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. But the court is "not charged with seeking out legal 'issues lurking within the confines' of the [self-represented] litigant's pleadings, and the court's duties certainly do 'not extend so far as to require the court to bring to the attention of the pro se litigant or to decide the unraised issues.'" Kiebala v. Boris, 928 F.3d 680, 684-85 (7th Cir. 2019) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1050 (7th Cir. 1982)).

Even though courts must liberally construe the filings of self-represented litigants, those litigants still must comply with Fed. R. Civ. P. 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendant fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly,

3

550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim against the defendant, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

  B. The Plaintiff's Allegations

  The plaintiff did not use this district's form when preparing his complaint. His three-page, handwritten complaint names one defendant in the caption: "Milwaukee Park-Rec." Dkt. No. 1 at 1. The complaint alleges that the defendant racially discriminated against "the Black youth of Milwaukee" by misappropriating federal funds "for physical development through athletics and broadening of [] youth's minds by showing and giving them a different look or chance." Id. The plaintiff asserts that "you"—presumably the defendant—"have violated the trust of government and state and family by not having more programs directed to Black Milwaukee but used it for others." Id. He then lists "Points of Interest." Id. Under this heading, the plaintiff lists racial discrimination and the suppression of Black youth "[b]y not offen [sic] them programs to Develop them, Also closing schools, Also closing Local YMCA's, Boys clubs, for the Black Community." Id. He contends that the defendant refused to provide "Black or inner schools Friday Night football, no Track Teams, no school Bands, no Little League Baseball," while White schools have those things. Id. The plaintiff references "the Willie Lynch story of letter" and

4

"The Making of a Slave by Willie Lynch,"[1] advising the reader to "read this!" Id. at 2. He says that "[t]his is no Better than was Done I Early 1800's when they Burn Books so slave could not learn to read," and again mentions the Willie Lynch story. Id.

In a section he titled "References," the plaintiff cites what appear to be books and legal decisions, along with a written description of each reference. Id. at 2-3. He cites "The Willie Lynch Letter the Making of a Slave" by William Lynch, "Robert vs The City of Boston—1894," "Abbott vs. Burke—1981" and "Gary B. vs Snyder (2020)." Id. Regarding "Robert vs. The City of Boston—1894,"[2] the plaintiff says:

> Black parents complain white Teachers and students harassed and mistreated their children. However newly segregated, schools for Blacks children quickly Fell Fell [sic] into disrepair and Black parents Argue that their Tax were funding Better White schools that their children could not Attend.

Id. at 2-3. Regarding "Abbott vs Burke—1981,"[3] the plaintiff states:

> At issue was the ELC claim That the state's school finadance system both Disavantage schools In Low Income districts and contributed To stark differences Between Education offered in poorer and weathier districts could Not meet the Needs of those student in Low Income Areas.

---

[1] The court assumes that the plaintiff is referring to "The Willie Lynch Letter and the Making of a Slave," a book containing a speech believed to have been given on the bank of the James River in Virginia in 1712 by an owner of enslaved persons named Willie Lynch. The person who gave the speech says that he has learned how to control enslaved persons by turning them against each other. https://politics-prose.com/book/9780979905216?srsltid =AfmBOooyEsdHBO6Z-bcCqCHsUZNPwqn2Htf4uiEVpqD7N-EYMXxo_f8g.

[2] The court assumes that plaintiff is referring to Roberts v. City of Boston, 59 Mass. 198 (Supp. Jud. Ct. Mass. 1849).

[3] The court assumes that this is a reference to Abbott v. Burke, 495 A.2d 376 (Sup. Ct. New Jersey 1985).

Id. at 3. Finally, discussing "Gary B. vs Snyder (2020),"[4] the plaintiff says:

> Sinc the Ruling Michigan Gov Grethen [sic] Whitmer, Promise to The Detroit some 94.4. million To make up grade, much Needed Funds districts can Finally Refure For. The Improvement, Lower Income Areas.

Id. The plaintiff concludes by saying that the defendant's actions are clearly a racial discrimination based on the color of the skin and a violation of "civil Right, and constitutional Right." Id. He requests a relief of $100 million dollars. Id.

    C.    <u>Analysis</u>

It appears that the plaintiff is frustrated with the lack of opportunities for the Black youth in the city of Milwaukee and believes that the city's Parks and Recreation department has misappropriated government funds, leaving Black children in the city without access to adequate educational or athletic experiences.

To state a cognizable claim for relief under the federal notice pleading system, the plaintiff must provide a short and plain statement showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). The plaintiff must include sufficient detail to give the defendant fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The facts must be sufficient to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," id., and "enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555 (citation omitted).

---

[4] This may be a reference to Gary B. v. Snyder, 329 F. Supp. 3d 344 (E.D. Mich. 2018).

6

As the court explained in its July 14, 2025 order screening the complaint in Case No. 25-cv-106 (which also named as a defendant Milwaukee Parks and Recreation, along with the Milwaukee Public Schools), the instant complaint does not meet the requirements of Rule 8(a)(2). The caption of the complaint names the Parks and Rec department as a defendant, but the body of the complaint does not explain what that department has done to violate *the plaintiff*'s rights, or to violate the law. It does not explain who misappropriated funds, or when. It does not say who closed the YMCAs, schools and other programs, or who refused to provide those programs to Black Milwaukee youth. It does not provide a timeframe for the alleged offenses.

Nor is the court able to determine whether it has jurisdiction. Federal courts are courts of limited jurisdiction. The court has an obligation at each stage of the proceedings to ensure that it has subject-matter jurisdiction over the dispute, Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc., 707 F.3d 883, 890 (7th Cir. 2013), and must dismiss a case if the court lacks subject-matter jurisdiction. Federal courts have jurisdiction to consider and decide cases that involve violations of federal laws or the federal Constitution, 28 U.S.C. §1331, and cases between citizens of different states if the amount of money in dispute is more than $75,000, 28 U.S.C. §1332.

It appears that the plaintiff may be trying to allege that the defendants violated federal law or the federal Constitution. Perhaps he is trying to allege that the defendants have discriminated against people based on their race or the color of their skin, by denying them the educational, recreational and other opportunities afforded White people. But for "a plaintiff to get in the federal courthouse door and obtain a judicial determination of what the governing law is, the plaintiff cannot merely be a bystander, but instead must have a

7

'personal stake' in the dispute." FDA v. Alliance for Hippocratic Medicine, 602 U.S> 367, 379 (2024) (citation omitted). This "personal stake" is called "standing." "Article III standing requires the party involving federal jurisdiction to demonstrate that (1) the plaintiff has suffered an injury-in-fact, (2) the injury was caused by the defendant, and (3) the injury is redressable by judicial relief." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992). The plaintiff's injury-in-fact must be "concrete, particularized, and actual or imminent." Ewing v. MED-1 Sols., LLC, 24 F.4th 1146, 1150-51 (7th Cir. 2022) (internal citations omitted). Particularized injuries are those that "affect the plaintiff in a personal and individual way." Id., 504 U.S. at 560 n.1. They must be distinguished from "generalized grievances" that affect the public generally and for which an individual cannot seek relief in federal court. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 348 (2006).

As was the case in Case No. 25-cv-106, the plaintiff has not alleged that the defendant did anything to violate *his* rights; he has not described his "personal stake" in the dispute. Instead, the plaintiff appears to make general allegations that someone—perhaps the defendant—has misused and misappropriated funds; such general allegations are insufficient to establish standing. See Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997) ("An interest shared generally with the public at large in the proper application of the Constitution and laws will not do."); Lance v. Coffman, 549 U.S. 437, 439 (2007) "We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."). Federal

8

courts do not "operate as an open forum for citizens 'to press general complaints about the way in which government goes about its business.'" Alliance for Hippocratic Medicine, 602 U.S. at 379 (quoting Allen v. Wright, 468 U.S. 737, 760 (1984)).

The allegations in the complaint are too vague and general to allow the court to determine whether it has jurisdiction or to show that the plaintiff has standing to sue. Typically courts allow a plaintiff one chance to amend a defective complaint, as long as the amendment would not be futile. Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). But as the court has mentioned, the claims that the plaintiff has raised in this case were raised against this same defendant (and against the Milwaukee Public Schools) in Case No. 25-cv-106. A plaintiff cannot pursue two lawsuits at the same time, raising the same claims against the same defendant. The court has given the plaintiff an opportunity to amend the allegations that he has raised against this defendant in this case in Case No. 25-cv-106, and he has done so. The court will dismiss this case as duplicative and will screen the amended complaint he filed in Case No. 25-cv-106.

### III. Conclusion

The court **DENIES AS MOOT** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 3.

The court **ORDERS** that the case is **DISMISSED WITHOUT PREJUDICE**

9

as duplicative of the plaintiff's filing in Case No. 25-cv-106. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 12th day of August, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**